IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KIMBERLY A. MONAGHAN, :
:
      Plaintiff :
:
    VS. :
:   **5 : 07-CV-134 (HL)**
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
      Defendant. :

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on April 11, 2007, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed her application for disability benefits in February 2005, alleging disability since December 23, 2003 due to neck, shoulder and arm injures as well as headaches. Her application was denied initially and upon reconsideration. Following a hearing on June 21, 2006, the ALJ determined that the plaintiff remained capable of performing certain of her past relevant work and was not disabled. The Appeals Council denied review, and the plaintiff then filed this appeal, arguing that the ALJ improperly evaluated the opinions issued by treating physicians and failed to provide adequate reasons for discrediting the plaintiff's subjective accounts of impairment.

At the time of the hearing before the ALJ, the plaintiff was forty-two (42) years of age and had graduated from both high school and college. She has past relevant work experience as a

hair stylist, manicurist, cashier/checker, pharmacy technician, accounting clerk, medical records clerk, personnel manager, and answering service attendant. The ALJ found that the plaintiff remained capable of performing as a manicurist, cashier/checker, pharmacy technician, accounting clerk, medical records clerk, and personnel manager. The plaintiff began to experience shoulder, neck, arm and back pain following an automobile accident in September 2000. Treated for chronic headaches, degenerative disc disease, and back impairments beginning in 2000, the plaintiff was ultimately diagnosed with fibromyalgia, secondary to cervical trauma and spondylosis in January 2005.

*Discussion*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to

provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Treating physician*

The plaintiff argues initially that the ALJ improperly rejected the opinions of treating physicians Brady and Luschen. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the Lewis court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." Id.

The plaintiff argues that the ALJ noted her fibromyalgia diagnosis, but then found that the objective medical record revealed "overwhelmingly normal and unremarkable" clinical and laboratory studies. R. at 8. The plaintiff maintains that the Eleventh Circuit's decision in Moore v. Barnhart, 405 F.3d 1208 (11th Cir. 2005) makes it clear that such a finding is suspect. The

3

plaintiff argues that the ALJ apparently used the lack of objective medical evidence in support of the diagnosis of fibromyalgia to improperly disregard the findings of treating physicians Brady and Luschen.

In <u>Moore</u>, the Eleventh Circuit noted that fibromyalgia often lacks medical or laboratory signs and "is generally diagnosed mostly on an individual's described symptoms." *Id.* at 1211. However, the court found that the ALJ had "provided a detailed factual basis for his credibility determination which did not turn on the lack of objective evidence documenting fibromyalgia" and thus did not err in this regard. *Id.* Herein, the ALJ determined that "the extensive objective clinical and laboratory studies reflected in the records submitted from the Robins Medical Group and the other treating sources are overwhelmingly normal or unremarkable and do not support the level of extreme limitation reflected in the opinions set forth on March 23, 2006." R. at 19. Thus, the ALJ seemingly relied on the lack of objective medical evidence to support his rejection of treating sources' opinions.

However, as the Commissioner points out, treating source Luschen is not a doctor but a physicians' assistant, who is not an acceptable medical source who can provide evidence to establish an impairment. As such his opinion of disability is not entitled to great weight. 20 C.F.R. § 404.1513(a). It appears that Luschen completed the residual functional capacity assessment at issue on March 23, 2006, which was signed by Dr. Brady several months later. R. at 507, 26. Dr. Brady did not, however, add anything to the residual functional capacity assessment and did not have any kind of extensive treating relationship with the plaintiff, with few treatment notes bearing his signature or initials indicating actual treatment of the plaintiff. At most it appears that Mr. Luschen, the physicians' assistant, examined and treated the plaintiff

on most occasions, with limited "discussion" of the case with Dr. Brady. R. at 463. Thus, apart from any dismissal of the residual functional capacity assessment based on a lack of objective medical support, the assessment was not completed by an acceptable medical source and was only signed by a doctor with whom the plaintiff had no extensive relationship or treating history.

"[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." Syrock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). To the extent that the plaintiff's physicians concluded that the plaintiff was disabled, the ALJ's rejection of these conclusions and determination that the medical evidence of record did not support a finding of disability are supported by substantial evidence.

*Credibility evaluation*

The plaintiff also argues that the ALJ failed to provide adequate reasons for rejecting the her subjective complaints. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are

any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The plaintiff argues that the ALJ failed to properly articulate reasons for discrediting her subjective testimony. The ALJ found that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible or consistent with the objective, clinical evidence of record. Thus, her testimony is found to be credible only to the extent that it comports with the residual functional capacity assessment." R. at 18. The plaintiff testified to suffering from pain "24 hours a day; seven days a week". R. at 518. Both Dr. Philip Gertler and Dr. Carol Silver found that plaintiff's reported symptoms were only partially credible and the alleged severity was not supported by the objective medical findings. Given the lack of treating source testimony upon which the ALJ could rely regarding the extent and nature of plaintiff's limitations, the conclusions drawn by state agency physicians provided substantial evidence upon which the ALJ rested his credibility and overall disability conclusions.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written

objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 11th day of August, 2008.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE